**MARLIN & SALTZMAN, LLP**
Louis M. Marlin, Esq. (SBN 54053)
Kristen Marquis Fritz, Esq. (SBN 268326)
3200 El Camino Real, Suite 100
Irvine, California 92602
(714) 669-4900; Fax (714) 669-4750
louis.marlin@marlinsaltzman.com
kfritz@marlinsaltzman.com

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq.  (SBN 090058)
Marcus J. Bradley, Esq. (SBN 174156)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
(818) 991-8080; Fax (818) 991-8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com

**UNITED EMPLOYEES LAW GROUP, PC**
Walter Haines, Esq. (SBN 71075)
110 Pine Avenue, Suite 725
Long Beach, California   90802
(888) 474-7242; Fax (866) 435-7471
whaines@uelglaw.com

Attorneys for Plaintiff BRANDON BEAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON BEAL, individually and on behalf of other individuals similarly situated,<br><br>                 Plaintiff,<br>  vs.<br><br>LIFETOUCH, INC., *et al*.<br><br>             Defendants. | **CASE NO. CV 10-8454-JST (MLGx)**<br>**Judge: Josephine Staton Tucker**<br><br>**CLASS ACTION (FRCP 23)**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TO STRIKE PORTIONS THEREOF**<br><br>Date: February 7, 2011<br>Time: 10:00 a.m.<br>Place:  Courtroom 10A |

# TABLE OF CONTENTS

I.  INTRODUCTION AND FACTUAL BACKGROUND ………………… 1

II. ARGUMENT ……………………………………………………… 2

    A.  The First Amended Complaint states a claim upon which relief can be granted against Defendants. ………………………… 2

        1.  Legal Standard ………………………………………….. 3

        2.  Plaintiffs' First Amended Complaint satisfies the pleading requirements of Rule 8, *Twombly*, and *Iqbal*. …….. 4

            a.  Reimbursement for expenses ………………………… 4

            b.  Drive time policies and overtime …………………… 9

            c.  Meal and rest breaks ……………………................ 12

            d.  Accurate wage statements ……………………............ 14

            e.  Wages owed at time of termination ………………… 16

            f.  Plaintiff's "employers" ……………………………… 18

            g.  OZ Territory Handbooks …………………….... 18

            h.  Unfair business practices …………………… 19

            i.  General assertions in causes of action ……………… 19

    B.  The class action allegations in the First Amended Complaint should not be dismissed or stricken. …………………………............ 19

        1.  Legal Standard ………………………………………… 19

        2.  Defendants' Motion to Strike is untimely and substantively fails ………………………………………… 20

    C.  Should the Court find Plaintiff's First Amended Complaint deficient in any respect, Plaintiff respectfully requests leave to amend. ……………………………………………………… 22

III. CONCLUSION ……………………………………………….. 24

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L.Ed.2d 868
 (2009) ……………………………………………………………  2, 3, 19

*Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S. Ct. 1723,
 80 L. Ed. 2d 196 (1984) …………………………………………….. 23

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696  (9th Cir. (Cal.) 1990) …………  3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,
 167 L.Ed.2d 929 (2007) …………………………………………...  3, 19

*Clark v. State Farm Mutual Auto. Ins. Co.,* 231 F.R.D. 405 (C.D.Cal.2005) ……..  21

*Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ……...  3

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ……...  23

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542
 (9th Cir. (Cal.) 1990) …………………………………………………  4

*In re New Century*, 588 F.Supp.2d 1206 (C.D.Cal., 2008) ………………………  20

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609
 (N.D.Cal. 2007) …………………………………………….....  20, 21

*Kisliuk v. ADT Sec. Svcs, Inc.*, 263 F.R.D. 544 (C.D.Cal. 2008) …………..  16, 20, 21

*Love v. United States*, 915 F.2d 1242 (9th Cir. (Mont.) 1989) ……………………  4

*McPhail v. First Command Financial Planning, Inc.,* 247 F.R.D. 598
 (S.D.Cal. 2007) ……………………………………………………...  21

*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646 (9th Cir. (Cal.) 1988) ………………  4

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. (Cal.) 1996) ……………………………  4

*Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943 (9th Cir. (Cal.) 2009)…………  3

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. (Or.) 2009) …………………...  3

*RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556 (C.D.Cal.2005) …………  20

1  *Rodriguez v. Cal. Highway Patrol*, 89 F.Supp.2d 1131 (N.D.Cal.2000) …………   21

2  *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) …………..   3

3

4  **<u>Federal Rules</u>**

5  Fed.R.Civ.P. 8 …………………………………………………………   3, 4, 24

6  Fed.R.Civ.P. 12 ………………………………………………………   2, 3, 20

7  Fed.R.Civ.P. 15 …………………………………………………….. ..   23, 24

8  Fed.R.Civ.P. 23 ……………………………………………… ….. 1, 21, 22

9

10  **<u>State Statutes</u>**

11  12 California Code of Regulations § 11040 …………………………………   1, 13

12  California Business & Professions Code  ………………………………………  1

13  California Labor Code § 200  …………………………………………   1, 13

14  California Labor Code § 201  …………………………………………   1, 17

15  California Labor Code § 202  …………………………………………   1, 17

16  California Labor Code § 203 …………………………………………   1, 17

17  California Labor Code § 218.5  ………………………………………..   13

18  California Labor Code § 226  ………………………………………...  2, 13, 15

19  California Labor Code §226.7  ………………………………………..  1, 13

20  California Labor Code § 512  …………………………………………   1, 13

21  California Labor Code § 1194  ………………………………………..  1, 13

22  California Labor Code § 558  ……………………………………………   13

23  California Labor Code § 1198 ………………………………………...   13

24  California Labor Code § 2802  …………………………………………  2, 7

25

26  **<u>Other Authorities</u>**

27  3 J. Moore, Moore's Federal Practice, P 15.15[3], p. 15-194 (1984) ………………  23

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
TO STRIKE PORTIONS THEREOF

Plaintiff, by his counsel, hereby submits this Opposition to Defendants Lifetouch, Inc., Lifetouch National School Studios, Inc. and Lifetouch Church Directories and Portraits, Inc., hereinafter jointly "Lifetouch" or "Defendants'," Motion to Dismiss First Amended Complaint and to Strike Portions Thereof. For the reasons set forth below, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in its entirety.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

This action was filed as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, as well as pursuant to applicable laws of the State of California, by Plaintiff on behalf of the Plaintiff Class.[1] The First Amended Complaint (hereinafter, "FAC,") alleges systematic violations of the California Labor Code (hereinafter, "Labor Code,") and the California Business & Professions Code. Specifically, Plaintiff seeks relief for himself and the Plaintiff Class to remedy Defendants': failure to pay earned wages as earned and due, failure to pay proper amounts for overtime compensation in violation of Labor Code § 1194 and the order and standards promulgated by the California Division of Labor Standards Enforcement and the California Industrial Welfare Commission; having discouraged or deprived Plaintiff and Class members of meal and rest breaks and failure to pay for missed breaks pursuant to Labor Code §§ 200, 226.7, 512, and 12 California Code of Regulations § 11040; failure to pay compensation at time of termination in violation of Labor Code §§ 201-203; failure to indemnify Plaintiff and Class members for expenses incurred in

---

[1]      The FAC defines the Plaintiff Class as: "All persons who have been, or currently are, employed by Defendants in California during the Class Period who were classified by Defendants as non-exempt (whether paid hourly or on salary) and who held, or hold, the position of photographer or any other title having job duties involving the carrying of equipment, the staging, posing or taking of photographs, on-site completion of paperwork or order forms, and/or the performance of any other on-site work related to photographic activities. Excluded from the Class are employees who regularly work at a permanent and fixed studio location." FAC at ¶ 85.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
TO STRIKE PORTIONS THEREOF

violation of Labor Code §§ 226 and 2802; and failure to furnish Plaintiff and Class members <u>accurate</u>, itemized wage statements required by Labor Code § 226 upon payment of wages.

On December 8, 2010, counsel for the Parties spoke briefly by telephone and conferred regarding Defendants' general request for dismissal of Lifetouch, Inc. and Lifetouch Church Directories and Portraits, Inc. and Defendants' assertion that Plaintiff could not represent employees in territories other than the OZ Territory.  On the same call, Plaintiff's counsel advised counsel for Defendants that an Amended Complaint would be filed the following week to update the factual allegations regarding the PAGA (¶ 84) and to remove references to punitive damages from the complaint (¶¶ 99, 110, 129).  Immediately after this call, Plaintiff's counsel requested documentation of the relevant policies of the Defendants for whom dismissal would be sought that demonstrated their compliance with all California laws and offered to dismiss those defendants upon the receipt of that information.   No information was ever provided.

## II.   ARGUMENT

### A.   The First Amended Complaint states a claim upon which relief can be granted against Defendants.

Defendants' Notice of Motion states that they will "move pursuant to Federal rules of Civil Procedure rule 12(b)(6) to dismiss the action and each of the causes of action on the ground that they fail to state a claim on which relief can be granted." Notice of Motion at p. 2.  However, in their Memorandum of Points and Authorities, the only "authority" cited is two paragraphs from the United States Supreme Court's decision in the case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), after which Defendants proceed to make conclusory assertions as to why the allegations of the FAC do not state a claim, in many instances misrepresenting or misinterpreting the assertions therein.

### 1.    Legal Standard

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. (Cal.) 1990). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss. *See Iqbal*, *supra*; *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. (Or.) 2009). In order to comply with the requirements of rule 8(a)(2) and survive a motion to dismiss under rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." *Id.* (quoting *Twombly*, 550 U.S. at 557).

The court is not concerned at this stage with "whether a plaintiff will ultimately prevail" but with whether he is entitled to offer evidence to support his claims. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 960 (9th Cir. (Cal.) 2009), *rev'd on other grounds by, Mohamed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070, (9th Cir. (Cal.) 2010), citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, a complaint which consists of unintelligible, narrative ramblings

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
TO STRIKE PORTIONS THEREOF

fails to state a claim for relief. *See McHenry v. Renne*, 84 F.3d 1172, 1176-79 (9th Cir. (Cal.) 1996); *see also* Fed.R.Civ.P. 8(a)(1), (2), (d)(1). Importantly, in reviewing a complaint for purposes of a motion to dismiss, Plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to him. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. (Mont.) 1989). Finally, although the scope of review generally is limited to the contents of the complaint, a court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. (Cal.) 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. (Cal.) 1988).

Here, Defendants' Motion and accompanying "Memorandum" does not remotely provide sufficient argument or evidence to persuade this Court that Plaintiff's FAC fails to state a claim upon which relief can be granted. In fact, in many instances, the Motion does not provide argument at all but, rather, simply reiterates the factual allegations of the FAC and then sets forth a contrary statement. In any event, Plaintiff has specifically – and plausibly – alleged numerous claims against Defendants, as set forth below.

## 2. Plaintiffs' First Amended Complaint satisfies the pleading requirements of Rule 8, *Twombly*, and *Iqbal*.

Plaintiff's FAC, which contains 75 paragraphs setting forth very specific facts (FAC ¶¶ 1-11; 20-84), plausibly alleges numerous claims against Defendants (FAC ¶¶ 94-147), and thus satisfies the pleading requirements of Rule 8 and the Supreme Court case law interpreting it. As a result, each of the "arguments" made by Defendants in their Motion fails, for the reasons discussed below.

### a. Reimbursement for expenses

Defendants assert that Plaintiff does not make specific factual assertions that he, or any other employee, failed to receive sufficient compensation for use of their

personal vehicle.  Motion at pp. 4-5.  Incredibly, Defendants state that "[o]ne searches in vain…for even a single example of such a failure to fully indemnify, much less facts to show that any such failure was the result of unlawful policies on the part of defendants, as opposed to simply an error or negligence on a single occasion."  *Id.* at p. 5.  To the contrary, there are numerous assertions of both failures to indemnify specifically and the fact that the failures resulted from Defendants' policies and practices (and not simply an error or a single occasion of negligence).

For example, the FAC provides:

24.  For 2006, Defendants' stated mileage reimbursement rate was $0.20 per mile.

25.  For 2007, Defendants' stated mileage reimbursement rate was $0.23 per mile.

26.  For 2008, Defendants' stated mileage reimbursement rate was $0.30 per mile.  However, Defendants' policies provided that if mileage forms were received after 8:00 a.m. on Friday within the dated [work] week, mileage would be paid at $0.13 per mile and if mileage forms were received after 5:00 p.m. on the following Monday, mileage would be paid at only $0.05 per mile.

27.  For 2009, Defendants' stated mileage reimbursement rate was $0.25 per mile.  However, Defendants' policies provided that if mileage forms were received after 8:00 a.m. on Friday within the dated [work] week, mileage would be paid at $0.13 per mile and if mileage forms were received after 5:00 p.m. on the following Monday, mileage would be paid at only $0.05 per mile.

28.  In 2009, Defendants instituted a policy of not paying mileage for employees who leave home and go directly to the jobsite, without stopping

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TO STRIKE PORTIONS THEREOF

first at the office.  This policy applied to all studio associates, customer care associates and photographers (without equipment).

29. For 2010, Defendants' stated mileage reimbursement rate was $0.25 per mile.  However, Defendants' policies provided that if mileage forms were "turned in late," mileage would be paid at $0.15 per mile.

30. Defendants' stated policies provide that mileage is paid only when driving from (a) office to job site or (b) job site to office or (c) one jobsite to another, and proscribes that only persons who are carrying equipment in their automobiles will be reimbursed for mileage.

31. Defendants' also pre-calculate the amount of mileage and note that pre-calculated amount on the weekly photography schedule.

32. The pre-calculated amounts for mileage do not take into account all mileage driven in direct consequence of the discharge of Plaintiff's and Class members' duties.

33. In 2010, Defendants implemented a policy of paying only a flat rate of $20.00 for employees who are scheduled to meet at a job site with a round trip distance of 80 miles or more.

34. The above-stated mileage policies were in force at all relevant times and in fact were applied to Plaintiff and Class members.

35. By way of example only, for the period from March 28, 2010 to April 1, 2010, Plaintiff, Brandon Beal, was reimbursed only $0.15 per mile and for the period from April 2, 2010 to April 8, 2010 he was reimbursed only $0.25 per mile.  See, Travel/Mileage Expense Reports numbered T0120785 and T0121069 and check detail stub numbered 394877, attached together hereto as Exhibit A.

36. The standard automobile mileage reimbursement rates set by the Internal Revenue Service ("IRS") for the relevant time periods are as follows:

6

| 2010 | $ 0.50 per mile |
| --- | --- |
| 2009 | $ 0.55 per mile |
| 2008 (Jul-Dec) | $ 0.585 per mile |
| 2008 (Jan-Jun) | $ 0.505 per mile |
| 2007 | $ 0.485 per mile |
| 2006 | $ 0.445 per mile |

37. An employer is not required to reimburse their employee at the rate set by the IRS.

38. Regardless of the rate set by the employer, California law requires that the employee be reimbursed for all of his or her employment-related expenses. California Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…."

39. **As a result of Defendants' policies and/or practices with respect to mileage, Plaintiff and Class members are not, and have not been, indemnified for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.** The mileage rates paid by Defendants failed to compensate members of the class for all necessary expenditures incurred in driving their personal automobiles in order to discharge their duties.

Because these facts allow the Court to draw the reasonable inference that Defendants are liable to Plaintiff, or any of the Class members, for expenses incurred by using their personal vehicles for business and as a result of Defendants' mileage policies, their Motion must fail.

Defendants also argue that Plaintiff's claims regarding reimbursement for business use of his cell phone must be dismissed because "[g]iven that many, if not most, cellular contracts now provide for unlimited calling, it is questionable whether any employee actually incurred a reimbursable expenditure…."  However, despite Defendants' pontification about *some* cellular phone plans (with no mention of whether Plaintiff or Class members were subscribed to those unlimited plans), the focus of the inquiry on a Motion to Dismiss is the allegations in the complaint.  Here, the FAC alleges that Plaintiffs and class members were required to use their personal cell phones for business purposes, FAC at ¶ 40, and that Defendants did not provide any reimbursement for this use, FAC at ¶ 41.  Because these facts allow the Court to draw the reasonable inference that Defendants are liable to Plaintiff, or any of the Class members, for expenses incurred as a result of using their personal cell phones, their Motion must fail.

Defendants also claim that Plaintiffs' FAC should be dismissed because "there are no facts alleged in the first amended complaint to show that on even a single occasion any employee of the defendants – including the lead plaintiff himself – actually had to absorb meal or other expenses beyond what was reimbursed by the per diem payment."  Motion at p. 5.  However, as Defendants point out in their Motion, paragraphs 42 and 43 of the FAC do just that.  It seems to be that Defendants take issue with the FAC as it pertains *not* to the allegations of their wrongful conduct (i.e., that Defendants' per diem rate for meals is insufficient) but, rather, that Plaintiff has not alleged specific damages.  Such matters are not proper for resolution at this time, even if they had been sufficiently asserted.

Plaintiff has clearly pled sufficient, non-conclusory facts to support a reasonable expectation that his claims regarding compensation for unpaid mileage, cellular phone usage, and meal expenses are actionable.  Indeed, these allegations are more than sufficient to give Defendants fair notice of what the claims are and the grounds upon

which they rest.   Further, because Defendants have failed to show that it is not plausible that Plaintiff or any of the Class members incurred unreimbursed expenses, their Motion must fail.

### b.   Drive time policies and overtime

Defendants additionally assert that Plaintiff's allegations pertaining to Defendants' failure to pay employees for all of the time they spent driving while on the job is insufficient.   Motion at p. 5.   Specifically, and once again, Defendants assert that the FAC must contain specific examples of failures and damages resulting to Plaintiff and Class members as a result thereof.   In so doing, Defendants ignore the fact that the FAC specifically details their wrongful policies and practices, to wit:

46.   Defendants' Handbooks provide that "when transporting work equipment, drive time is paid from the OZ territory office to the work sited [sic].   All non-exempt employees who travel to photographic assignments [in 2006 to 2010, Imperial County and] in the city of Blythe [and in 2010, the cities of Twenty-nine Palms and Yucca Loma] will be paid drive time.   Drive time is paid at minimum wage."

47.   Defendants' stated policy provides that each person who is carrying equipment in their autos will receive drive time pay, and if a photographer and poser (assistant) carpool, both will get drive time pay.   However, another of Defendants' stated policies provides that "[o]nly personnel responsible for carrying equipment are eligible to get drive time pay."   These policies are in conflict with one another and result in some employees not being paid drive time to which they are entitled.

48.   Further, Defendants' stated policy is to only pay equipment loading time and drive time to employees who are required to start their work day at Defendants' office location.

49.     Defendants' stated policy is to pay drive time, at minimum wage rate, only when an employee is driving from (a) Defendants' office location to jobsite or (b) jobsite to Defendants' office location AND carrying equipment.

50.     Defendants' stated policy is not to pay drive time when an employee is driving from (a) Defendants' office location to jobsite or (b) jobsite to Defendants' office location if the employee is not carrying equipment.

51.     Defendants' pre-calculate the amount of drive time required for any assignment and notes it on the weekly photography schedule.

52.     Defendants' policy of pre-calculating drive time does not accurately account for all time that Plaintiff and Class members spend driving for Company business and thus does not compensate them for all hours worked.

53.     Defendants' stated policy is to pay drive time "from the Load Site to the Work site and back" and only "to non-exempt employees required to transport Lifetouch Job Equipment for Company business."

54.     The above-stated drive time policies were in force at all relevant times and in fact were applied to Plaintiff and Class members.

55.     As a result of Defendants' policies and/or practices with respect to drive time, Plaintiff and Class members are not, and have not been, compensated for all hours worked.

56.     Defendants' California Employee Handbooks provide that "[o]nly hours worked will be used to calculate overtime pay, "and that "[d]rive time (see below) will be counted as hours worked for purposes of calculating overtime pay.  Drive time pay rates that are different than an employee's standard rate of pay will be taken into consideration when calculating the regular rate of pay for overtime purposes."

57.    Defendants do not fully and accurately disclose to employees which method that they use for calculating employee's regular rate of pay for purposes of paying overtime.

58.    As a result of Defendants' failure to disclose their method for calculating regular rate of pay for overtime purposes, Plaintiff and Class members are not able to ascertain whether the regular rate of pay being used by Defendants to calculate the amount due for overtime worked complies with California law.

59.    Further, as a result of Defendants' failure to properly allow and calculate pay for all drive time (as set forth herein), Plaintiff and Class members are not properly being paid for overtime (either in quantity of hours or rate of pay).

These facts allow the Court to draw the reasonable inference that Defendants are liable to Plaintiff, or any of the Class members, as a result of their wrongful policies and practices that resulted in the underpayment of wages (including overtime).  Indeed, Plaintiff has clearly pled sufficient, non-conclusory facts to support a reasonable expectation that his claims regarding drive time are actionable.

Further, the FAC sets forth how those practices violate the law:

103.   Defendants have administered a corporate policy, practice and/or custom concerning the availability of drive time wages and the circumstances under which an employee is eligible to receive drive time wages, as set forth herein, and thereby wrongfully limited the "wages" that would be earned by Plaintiff and Class members.

104.   Because of the conduct of Defendants, Plaintiff and Class members were not paid the full value of all drive time "wages" they had earned.

105.   Plaintiff and other Class members are entitled to recover all unpaid wages from Defendants.

These allegations are more than sufficient to give Defendants fair notice of what the claims are and the grounds upon which they rest.  Further, because Defendants have

11

failed to show that it is not plausible that Plaintiff or any of the Class members incurred unreimbursed drive time, their Motion must fail.

### c.  Meal and rest breaks

Defendants also claim that Plaintiff's allegations pertaining to meal and rest breaks are insufficient.  Motion at p. 6.  Once more, Defendants assert that the FAC must contain specific examples of conduct.  In so doing, Defendants ignore the fact that the FAC specifically details their wrongful policies and practices pertaining to meal and rest breaks:

61.    The Handbooks provide that "[n]on-exempt employees are provided with a meal period of not less than 30-minutes for each five hour work period.  In addition, non-exempt employees are provided with a 10-minute, paid rest period for every four hours worked (or major fraction thereof)."  Further, the Handbooks state that "[i]f the nature of the job prevents you from taking a 30-minute meal period and you have signed on-duty meal period agreement on file with the territory office, you may take an 'on duty' meal period provided it has been approved by your supervisor."

62.    The Handbooks also provide that "[i]f you work more than 12 hours in any workday, you must take a second 30 minute meal period.  You may not waive a meal period in this situation."

63.    Despite Defendants' stated policies, Plaintiff and Class members regularly were required to work through meal periods, including the second meal period in a given day.

64.    Despite Defendants' stated policies, Plaintiff and Class members' job duties did not permit them to take regular rest breaks as mandated by law.

65.    As a result of Defendants' policies and conduct with respect to meal and rest breaks, Plaintiff and Class members have not been able to take the meal and rest breaks to which they are entitled by law.

66.    Defendants' pay employees for some of the missed meal breaks in an amount equal to one hour of their regular pay, included as "Other" on their paystub.

67.    Defendants have not paid Plaintiff and Class members for all missed meal breaks in this manner.

68.    Defendants have willfully prevented and discouraged, and continue to prevent and discourage, Plaintiff and Class members from taking meal and rest breaks and fail to compensate Plaintiff and Class members for missed breaks in violation of Labor Code §§ 200, 226.7, 512 and 12 CCR § 11040.

These facts allow the Court to draw the reasonable inference that Defendants are liable to Plaintiff, or any of the Class members, because their wrongful conduct resulted in missed meal and rest breaks.   Indeed, Plaintiff has clearly pled sufficient, non-conclusory facts to support a reasonable expectation that his claims regarding meal and rest breaks are actionable.

In addition, the FAC sets forth how those practices violate the law:

113.   For at least the four (4) years preceding the filing of this action, Defendants failed to provide meal and rest breaks as required by law.

114.   In addition, Defendants failed to pay Plaintiff and Class members the full statutory penalty for all missed meal and rest periods.

115.   Defendants' conduct described herein violates Industrial Welfare Commission Order 4, 12 CCR § 11040 and Labor Code §§ 226, 226.7, 512, 558, and 1198.

116.   Plaintiff and Class members are entitled to recover additional compensation for all rest and meal periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 218.5, 12 CCR §11040, and penalties pursuant to Labor Code §§ 226.7, and 558.

117.   As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such moneys, lost interest on such moneys, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law.   Plaintiff and Class members are thus entitled to recover nominal, actual and compensatory damages in amount according to proof at time of trial.

These allegations are more than sufficient to give Defendants fair notice of what the claims are and the grounds upon which they rest.  Further, because Defendants have failed to show that it is not plausible that Plaintiff or any of the Class members missed meal and rest breaks to which they were entitled, their Motion must fail.

### d.    Accurate wage statements

Defendants also assert that Plaintiff's claims regarding Defendants' failure to provide employees with accurate wages statements fail because there are no allegations to prove that failure, citing to paragraphs 69 to 71 of the FAC.  Motion at p. 6.  However, Defendants simply need to read the rest of the FAC as well.  The factual allegations enumerating the conduct of Defendants serve to demonstrate the basis for how and why the wages statements provided to Plaintiff and Class members are not accurate.  For example, because Defendants' do not adequately pay drive time and calculate overtime, the wage statements provided to Plaintiff and Class members are inaccurate, as is alleged in the FAC.  *See e.g.,*, FAC at ¶¶ 46-60.  These facts allow the Court to draw the reasonable inference that Defendants are liable to Plaintiff, or any of the Class members, as a result of their wrongful policies and practices that resulted in inaccurate wage statements.   Indeed, Plaintiff has clearly pled sufficient, non-conclusory facts to support a reasonable expectation that his claims regarding wage statements are actionable.

14

In addition, the FAC sets forth how those practices violate the law:

119.   Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an <u>accurate</u> itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee....(5) net wages earned … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.) Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

120.   Defendants failed to accurately report the gross wages earned and the net wages earned by Plaintiff and Class members on their wage statements.

121.   Defendants failed to accurately represent the total hours worked by Plaintiff and Class members in that drive time hours are not accurately reflected on their wage statements.

122.   Defendants failed to accurately represent, on the wage statements, the applicable hourly rates in effect for overtime that Plaintiff and Class members may have been entitled to receive (if applicable).

123.   Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class members from determining the amounts of wages actually owed to them.

1   Indeed, Plaintiff and Class members have been injured by the impairment or
2   diminution of their right to receive an accurate wage statement.  *Kisliuk v. ADT*
3   *Security Services, Inc.*, 263 F.R.D. 544, 548 (C.D.Cal. 2008) (citations omitted).
4   These allegations are more than sufficient to give Defendants fair notice of what the
5   claims are and the grounds upon which they rest.  Further, because Defendants have
6   failed to show that it is not plausible that Plaintiff or any of the Class members wage
7   statements are inaccurate, their Motion must fail.

8                        **e.     Wages owed at time of termination**

9           Defendants also challenge Plaintiff's allegations regarding wages owed at the
10  time that their employment with Defendants terminated, citing to paragraphs 72 to 79
11  of the FAC.  Motion at p. 6.  As with previous claims, Defendants simply assert that
12  "no facts are plead [sic] anywhere in the first amended complaint to show any specific
13  occasion where this actually happened to any employee."  Motion at p. 6.  As before,
14  Defendants simply need to read the rest of the FAC as well.  The factual allegations
15  enumerating the conduct of Defendants serve to demonstrate the basis for how and
16  why the wages owed to Plaintiff and Class members at the time of termination are not
17  paid to them.  For example, because of Defendants' do not adequately pay drive time
18  and calculate overtime throughout the period of employment, the wages provided to
19  Plaintiff and Class members at the time of their termination are inaccurate and
20  insufficient, as is alleged in the FAC.  FAC ¶¶ 46-59.  These facts allow the Court to
21  draw the reasonable inference that Defendants are liable to Plaintiff, or any of the
22  Class members, as a result of their wrongful policies and practices that resulted in
23  Defendants not paying Plaintiff and Class members all wages owed at the time of
24  termination.   Indeed, Plaintiff has clearly pled sufficient, non-conclusory facts to
25  support a reasonable expectation that his claims regarding wages owed at the time of
26  termination are actionable.

27          Further, the FAC provides that:

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
TO STRIKE PORTIONS THEREOF

133.   Labor Code § 201 provides, in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

134.   Labor Code § 202 provides, in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

135.   Pursuant to Labor Code § 201, upon former employee Plaintiff's and Sub-Class 1 members' terminations (which occurred on one or more occasions each calendar year, as set forth above), Defendants were required to pay all earned wages.

136.   At the time of Plaintiff's and Sub-Class 1 members' respective terminations, Plaintiff and Sub-Class 1 members had unpaid wages, which wages included earned but unpaid drive time as well as uncompensated overtime (if applicable).

137.   In violation of Labor Code § 201, Defendants failed to pay former employee Plaintiff and Sub-Class 1 members the full amount of wages due and owing them, in amounts to be proven at the time of trial.

138.   Defendants' willful failure to pay former employee Plaintiff and Sub-Class 1 members all of the wages due and owing them constitutes violations of Labor Code §§ 201 and 203, which provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, former employee Plaintiff and Sub-Class 1 members are each entitled to penalties pursuant to Labor Code § 203 for each and every violation of Labor Code § 201.

These allegations are more than sufficient to give Defendants fair notice of what the claims are and the grounds upon which they rest.  Further, because Defendants have failed to show that it is not plausible that Plaintiff or any of the Class members wage statements are inaccurate, their Motion must fail.

### f.    Plaintiff's "employers"

Defendants also assert that the Plaintiff alleges that he was "employed 'by Defendants' (paragraph 14) thereby suggesting, without actually asserting, that he was an employee of all three defendants."  Motion at p. 4.   Thereafter, Defendants' acknowledge Plaintiff's employment by Lifetouch National School Studios, Inc., and state that "Lifetouch, Inc. [] is the parent company," *Id.*  However, Defendants fail to acknowledge the factual assertions in the FAC that Lifetouch, Inc. is employee-owned, FAC at ¶ 15, and also that it is involved in the process of setting all of the policies and procedures at issue in the FAC, which includes those of Defendant Lifetouch Church Directories and Portraits, Inc.  FAC at ¶ 83. Defendants then state, in conclusory fashion, that "plaintiff was not an employee of either of the two defendants."  *Id.*  It is not clear how this assertion bears on Defendants' Motion to Dismiss.  It is possible that Defendants are seeking to make the unfounded and unsupportable assertion that Plaintiff must allege that he is an "employee" – without defining what that term means – of each entity sued, in order to meet the requirements of Rule 8.    If that is Defendants' intention, they certainly have not made that argument here and there is no basis upon which Plaintiff can respond.

### g.    OZ Territory Handbooks

Defendants claim that Plaintiff did not "make the specific assertion that all of the class members were employed in the OZ Territory and therefore subject to the policies set out in the 'OZ Territory Handbooks.'"  Motion at p. 4.  Again, it is not clear how this assertion bears on Defendants' Motion to Dismiss.   Indeed, Plaintiff will concede that all class members were not employed in the OZ territory, that

Defendants' employees are employed in multiple territories in California and therefore are not all subject to the policies set out in that specific territory's handbook. At this time, and on the present information, Plaintiff cannot respond to Defendants' assertion, Motion at p. 4, that each territory has its own policies. However, the matter is not before this Court, since it is not relevant to the present Motion.

### h.      Unfair business practices

Finally, Defendants appear take issue with Plaintiff's allegations of unfair business practices, although it is not clear how Defendants assert that this claim should be subject to dismissal. Motion at p. 6. In fact, there is nothing in Defendants' Motion in this regard that is amenable to a response at this time.

### i.      General assertions in causes of action

In the final few lines of their "argument" supporting their Motion to Dismiss for failure to state a claim, Defendants claim that "[n]one of these individual causes of action itself sets out sufficient facts to support the claim it purports to make, nor do any of them state a viable cause of action when the allegations set out earlier in the complaint are added (because those allegations lack any factual substance, as was shown above)." Motion at p. 7. However, for the reasons discussed herein, as is reflected in both the factual allegations and causes of action in the FAC, Defendants' Motion has not succeeded in demonstrating that the FAC does not "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Indeed, the copious and detailed facts enumerated in the FAC allow the Court to draw the reasonable inference that Defendants are liable to Plaintiff and the Class members, on the claims in the FAC. As such, Defendants' Motion to Dismiss should be denied.

### B.      The class action allegations in the First Amended Complaint should not be dismissed or stricken.

1    ### 1.   Legal Standard

2         A Court "may order stricken from any pleading any insufficient defense or any

3    redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  "The

4    function of a Rule 12(f) motion is to avoid the expenditure of time and money that

5    must arise from litigation spurious issues by dispensing with those issues prior to trial.

6    [citations] Nevertheless, such motions are 'viewed with disfavor and are not frequently

7    granted.'"  *Kisliuk*, 263 F.R.D. at 546 (citations omitted).  Indeed, "[m]otions to strike

8    should not be granted unless it is clear that the matter to be stricken could have no

9    possible bearing on the litigation."  *Id.* (citations omitted).  And, "Courts often require

10   a 'showing of prejudice by the moving party' before the challenged material will be

11   stricken.'"  *Id.*  Further, the granting of motions to dismiss class allegations before

12   discovery has commenced is rare.  *In re Wal-Mart Stores, Inc. Wage and Hour*

13   *Litigation*, 505 F.Supp.2d 609, 615 (N.D.Cal. 2007).  Rather, "the better course is to

14   deny such a motion because 'the shape and form of a class action evolves only through

15   the process of discovery.'"  *Id.* (citations omitted).   Courts will not grant motions to

16   strike unless "convinced that there are no questions of fact, that any questions of law

17   are clear and not in dispute, and that under no set of circumstances could the claim or

18   defense succeed." *In re New Century*, 588 F.Supp.2d 1206, 1220 (C.D.Cal., 2008),

19   *citing RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 561 (C.D.Cal.2005).

20   When ruling on a motion to strike, this Court "must view the pleading under attack in

21   the light most favorable to the pleader." *Id.* For a motion to strike to be granted, the

22   grounds for the motion must appear either on the face of the complaint or from matters

23   of which the Court may take judicial notice. *Id.*

24        ### 2.   Defendants' Motion to Strike is untimely and substantively fails

25        Defendants' Motion and accompanying "Memorandum" does not remotely

26   provided sufficient argument or evidence to persuade this Court that the class action

27   allegations in Plaintiff's FAC should be stricken.  Defendants, without citation to *any*

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
TO STRIKE PORTIONS THEREOF

legal authority, seek to dismiss or strike the class action allegations of the FAC. Motion at pp. 7-8.   In the same fashion as they "argued" their Motion to Dismiss, Defendants call out certain paragraphs of the FAC and then proceed to exclaim, in conclusory fashion and without legal support, why those paragraphs do not meet the individual requirements of Fed.R.Civ.P 23 (although that rule is never cited to or even mentioned).   In any event, Defendants' Motion is both untimely and substantively lacking.

Indeed, numerous federal district courts in California have held that a motion to strike class allegations is premature and fails.   *See, e.g., Kisliuk*, 263 F.R.D. at 547 (denying defendant's motion to strike where defendant had not demonstrated that all of Plaintiff's claims are not susceptible to class treatment as a matter of law); *Rodriguez v. Cal. Highway Patrol*, 89 F.Supp.2d 1131 (N.D.Cal.2000) (stating that the appropriateness of any named plaintiff serving as a class representative will be tested in the context of a motion for certification and declining to strike class action allegations at this stage of the pleadings); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d at 616 (denying Wal-Mart's motions to dismiss or strike the class allegations as premature);  *McPhail v. First Command Financial Planning, Inc.,* 247 F.R.D. 598, n. 11 (S.D.Cal. 2007) (citations omitted) (denying motions to strike because class allegations might bear on an issue in the litigation); *Clark v. State Farm Mutual Auto. Ins. Co.,* 231 F.R.D. 405, 407 (C.D.Cal.2005) (calling motion to strike premature and denying it where allegations in the complaint address each of the elements of Rule 23, relate to the subject matter of the litigation and are not redundant, immaterial or impertinent).   Here, the relief that Defendants seek is also premature. Defendants have not yet answered the FAC, discovery has barely commenced (although Plaintiff has served discovery on Defendants and requested a date for the Rule 26(f) meeting), and the Court has yet to enter a scheduling order of any kind.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TO STRIKE PORTIONS THEREOF

And, here, the same result is substantively warranted as Defendants' "arguments" do not sufficiently challenge the class allegations of the FAC.  With respect to "numerosity," Defendants assert that the allegations should be stricken because numerosity may no longer exist once the number of class members who have suffered "actual injuries" is determined.   Motion at pp. 7-8.   With respect to "commonality," Defendants assert that the questions of fact set forth in the FAC "are [not] sufficient to show 'commonality.'"  Motion at p. 8.  Finally, Defendants claim that Plaintiff "hasn't shown that his complaints are typical of all of the other members of the class."  *Id.*  Specifically, without citation to authority (or specific argument), Defendants state that it is impossible for Plaintiff's claims to be typical of the employees of two of the three defendants and the employees of other territories (again asserting, without support, that they operated under different policies).

As an initial matter, while it is Plaintiff's burden under Rule 8, and the Supreme Court case law interpreting it, to state a claim for relief that is plausible on its face, (which Plaintiff has done), for purposes of its Motion to Strike the class action allegations, Defendants have the burden of proving that the FAC contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" or that the matter to be stricken could have no possible bearing on the litigation.  There is nothing in Defendants' Motion demonstrating that Plaintiff's class action allegations are redundant, immaterial, impertinent or scandalous or have no bearing on the litigation.  Rather, the contrary is true.  Plaintiffs' class action allegations address each of the elements of Fed.R.Civ.P. 23(a) and (b) and relate to the subject matter of the litigation.  *See, e.g.,* FAC ¶¶ 85-93.   Should Defendants wish to challenge the certifiability of Plaintiff's class claims, the proper time to do so is in response to Plaintiff's Motion for Class Certification, to be filed at a much later date and after significant discovery has been completed by both sides.   Therefore, Defendants' Motion to Strike the class action allegations must be denied.

**C.**   **Should the Court find Plaintiff's First Amended Complaint deficient in any respect, Plaintiff respectfully requests leave to amend.**

If the Court finds that Plaintiff's First Amended Complaint is insufficient as to any specific defendant, Plaintiff hereby requests leave under Rule 15 of the Federal Rules of Civil Procedure to amend his complaint to correct the defects identified by the Court and to add additional necessary factual allegations.  Rule 15 provides that "[t]he court should freely give leave when justice so requires."   Rule 15(a)(2).  The United States Supreme Court has stated that the liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). The Supreme Court described that policy as follows:

> if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*  As the Supreme Court has also noted, the rationale of Rule 15 "is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, at 149-150 n.3, 104 S. Ct. 1723, at 1725 n.3, 80 L. Ed. 2d 196 (1984), *citing* 3 J. Moore, Moore's Federal Practice, P 15.15[3], p. 15-194 (1984).

Here, Plaintiff seeks leave to amend at the nascent stages of this litigation. Thus, there is no undue delay, bad faith, or dilatory motive apparent on the part of the

Plaintiff.   In addition, as discussed generally above, Plaintiff's First Amended Complaint fulfilled the fair notice requirements.   Lastly, at this early stage, Defendants will have ample opportunity to meet all issues.   Indeed, twice in their Motion, Defendants requested the same relief for Plaintiff.   Motion at pp. 3, 7.   In this case, justice requires that Plaintiff be allowed to amend his Complaint so as to present the Court with the merits of his claims against Defendants.   Therefore, should the Court find Plaintiff's First Amended Complaint insufficient as to any specific issue, the Court should grant Plaintiff's request to amend his pleadings.   At a minimum, Plaintiff respectfully requests that any dismissal entered by the Court be *without prejudice*.

## III.   CONCLUSION

In sum, Plaintiff's First Amended Complaint meets the requirements of Rule 8, and the Supreme Court case law interpreting it, and states claims upon which relief can be granted against Defendants.   Therefore, Defendants' Motion to Dismiss should be denied.   In the alternative, should this Honorable Court find that Plaintiff's First Amended Complaint is insufficient in any respects, Plaintiff hereby requests leave to amend under Rule 15 of the Federal Rules of Civil Procedure.   Finally, Defendants' Motion to Strike is premature and fails substantively as well and, therefore, also should be denied.

DATED:  January 14, 2011                 **MARLIN & SALTZMAN LLP**

By:  /s/ Kristen M. Fritz
Kristen M. Fritz, Esq.
Attorneys for Plaintiff and the Putative Class

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TO STRIKE PORTIONS THEREOF