"O"

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 10-8454-JST (MLGx)            Date:  March 15, 2011
Title:  Brandon Beal v. Lifetouch, Inc. et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:**    (IN CHAMBERS)  ORDER (1) DENYING IN PART AND GRANTING IN PART WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS AND (2) DENYING DEFENDANTS' MOTION TO STRIKE (Doc. 11)

### I. INTRODUCTION

Before the court is Defendants Lifetouch, Inc.'s, Lifetouch National School Studios, Inc.'s, and Lifetouch Church Directories and Portraits, Inc.'s ("Defendants") Motion to Dismiss and Strike Plaintiff Brandon Beal's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  (Doc. 11.)  Plaintiff has filed an opposition (Doc. 18), and Defendants have replied (Doc. 19).  Having reviewed the briefs and taken the matter under submission, the Court (1) DENIES in part and GRANTS in part Defendants' Motion to Dismiss, dismissing Plaintiff's seventh claim for failure to pay compensation upon discharge with leave to amend, and (2) DENIES Defendants' Motion to Strike.

### II. BACKGROUND

On a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, 130 S. Ct. 983, 986-87 (2010). Lifetouch, Inc. is a Minnesota-based, employee-owned photography company.  (First Amended Complaint, "FAC," ¶ 15.)  Its subsidiary, Defendant Lifetouch National Studios, Inc., also doing business as Lifetouch Prestige Studio Portraits, specializes in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-8454-JST (MLGx) | Date:  March 15, 2011 |
| Title:  Brandon Beal v. Lifetouch, Inc. et al. | |

portraits for school-related activities for preschool, elementary, and junior and senior high school students.  (*Id.* ¶ 16.)  Its other subsidiary, Defendant Lifetouch Church Directories and Portraits, Inc. specializes in portraits for religious organizations and their members.  (*Id.* ¶ 17.)  At all relevant times, Defendants did business throughout California.

Plaintiff is a resident of Riverside County, California and, since September 2005, has been employed by Defendants as a photographer in Defendants' offices located in Riverside and Corona, California.  (*Id.* ¶ 14.)  On November 11, 2010, on behalf of himself and a class of similarly situated employees, Plaintiff filed a complaint against Defendants alleging nine separate claims under California law relating to Defendants' alleged "systemic violations of the California Labor Code . . . and the California Business and Professions Code . . . ."  (*Id.* ¶ 2.)  Specifically, Plaintiff alleges claims for (1) failure to indemnify in violation of California Labor Code sections 226 and 2802, (2) failure to pay drive time wages in violation of California Labor Code section 204, (3) failure to pay full overtime compensation in violation of California Labor Code sections 1194, *et seq.*, (4) missed meal and rest breaks in violation of California Labor Sections 200, 226.7, 512, and title 8 section 11040[1] of the California Code of Regulations, (5) failure to furnish an accurate itemized wage statement in violation of California Labor Code section 226, (6) failure to compensate all hours worked in violation of Industrial Welfare Commission Order No. 4, title 8 section 11040 of the California Code of Regulations, and California Labor Code sections 200, 226, 226.7, 500, 510, 1197, and 1198, (7) failure to pay compensation upon discharge in violation of California Labor Code sections 201-203, (8) violations of California Business and Professions Code sections 17200, *et seq.*, and (9) remedies under California Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq.*

---

[1] The Court notes that Plaintiff lists "12 CCR § 11040," in the First Amended Complaint, but the proper statute is title 8 section 11040 of the California Code of Regulations, 8 CCR § 11040.

**CIVIL MINUTES – GENERAL**                                                                 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-8454-JST (MLGx)                                            Date:  March 15, 2011
Title:  Brandon Beal v. Lifetouch, Inc. et al.

### III.     MOTION TO DISMISS

#### A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  The issue on a motion to dismiss for failure to state a claim "is not whether the [claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  As the Ninth Circuit recently clarified, a complaint must be (1) "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and (2) "sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery."  *Starr v. Baca*, --- F.3d ----, 2011 WL 477094, at *14 (9th Cir. Feb. 11, 2011).

#### B.  Failure to Indemnify

Under California Labor Code section 2082(a), "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-8454-JST (MLGx) | Date: March 15, 2011 |
| Title: Brandon Beal v. Lifetouch, Inc. et al. | |

directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Cal. Lab. Code § 2802(a). Plaintiff alleges that Defendants did not reimburse Plaintiff and the class for expenditures relating to mileage and cell phone use. As to mileage, Plaintiff alleges that Defendants "OZ Territory Employee Handbooks" ("Handbooks") provide that "driving to and from work sites is required as part of the job for certain positions such as Photographer " and that "employees will be reimbursed for expenses incurred during the normal course of business provided that proper receipts are submitted." (FAC ¶¶ 21-22.) Plaintiff alleges that the Handbooks further provide that "mileage is paid for scheduled assignments from the office . . . to the school being photographed and back to the office . . . ." (*Id.* ¶ 23.) Plaintiff alleges that Defendants use "pre-calculated amounts" for reimbursing mileage that "do not take into account all mileage driven in direct consequence of the discharge of Plaintiff's and class members' duties." (*Id.* ¶¶ 31-32.) Plaintiff alleges that "[i]n 2010, Defendants implemented a policy of paying only a flat rate of $20.00 for employees who are scheduled to meet at a job site with a round trip distance of 80 miles or more." (*Id.* ¶ 33.) Plaintiff alleges that "as a result of Defendants' policies and/or practices with respect to mileage, Plaintiff and class members are not, and have not been, indemnified for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties." (*Id.* ¶ 39.) As to cellular phone use, Plaintiff alleges that "Defendants required Plaintiff and class members to use personal cellular telephones for business purposes." (*Id.* ¶ 40.) Plaintiff alleges that "Defendants did not provide Plaintiff and Class members any reimbursement for use of their personal cellular telephones for business purposes." (*Id.* ¶ 41.)

      Defendants argue that Plaintiff has not included any specific factual allegation of any employee who failed to receive sufficient reimbursement for mileage or cell phone use. As to mileage, Defendants contend that "[o]ne searches in vain . . . for a single example of such a failure to fully indemnify, much less facts to show that any such failure was the result of unlawful policies on the part of the Defendants, as opposed to simply an error or negligence on a single occasion." (Defs.' Mot. at 5.) As to phone use, Defendants assert that "[g]iven that many, if not most, cellular contracts now provide for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-8454-JST (MLGx)                                Date: March 15, 2011

Title: Brandon Beal v. Lifetouch, Inc. et al.

unlimited calling, it is questionable whether any employee actually incurred a reimbursable expenditure in regard to their cell phones." (*Id.*)

The Court disagrees, and finds that Plaintiff has alleged sufficiently detailed facts to give Defendants fair notice of a plausible indemnification claim. *Twombly*, 550 U.S. at 570; *Starr*, 2011 WL 477094 at *14. Thus, Defendants Motion to Dismiss as to Plaintiff's indemnification claim is denied.

> C.  Failure to Pay Drive Time Wages (Claim 2), Overtime Wages (Claim 3), and All Hours Worked (Claim 6), and to Furnish Accurate, Itemized Wage Statements (Claim 5)

Plaintiff brings his claim for Defendants' failure to pay drive time wages under California Labor Code section 204(a), which states that "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204(a). Plaintiff also bases his overtime claim, "all hours worked" claim, and wage statement claim on Defendants' failure to pay drive time wages.

Defendants assert that Plaintiff fails to allege "any specific occasion" when Defendants failed to fully compensate an employee or provide accurate wage statements. (Defs.' Mot. at 6.) Defendants also argue that Plaintiff fails to allege any facts to show that any employee failed to receive overtime pay as a result of drive time. (*Id.* at 5.)

Addressing the drive time claim, Plaintiff alleges that "[d]uring the relevant class period, the Plaintiff and class members had agreed with Defendants to perform work on behalf of Defendants with the understanding and agreement that Plaintiff and class members would be paid a certain 'wage' for their work, which include, but was not limited to, payment for drive time." (FAC ¶ 102.) Plaintiff also alleges numerous facts regarding Defendants' policies towards compensating drive time. (FAC ¶¶ 45-55.) Specifically, Plaintiff alleges that "Defendants' stated policy is to pay drive time, at minimum wage rate, only when an employee is driving from (a) Defendants' office location to jobsite or (b) jobsite to Defendants' office location AND carrying equipment."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-8454-JST (MLGx)            Date:  March 15, 2011
Title:  Brandon Beal v. Lifetouch, Inc. et al.

(*Id.* ¶ 49.)  Plaintiff alleges that "Defendants' stated policy is to pay drive time 'from the Load Site to the Work site and back' and only 'to non-exempt employees required to transport Lifetouch Job Equipment for Company business." (*Id.* ¶ 53.)  Plaintiff alleges that "Defendants[] pre-calculate the amount of drive time required for any assignment and notes [sic] it on the weekly photography schedule."  (*Id.* ¶ 51.)

      As to how these policies caused Plaintiff and class members to not receive full compensation for driving time, overtime, all hours worked, or accurate wage statements, Plaintiff alleges that "Defendants' policy of pre-calculating drive time does not accurately account for all time that Plaintiff and class members spend driving for Company business and thus does not compensate them for all hours worked." (*Id.* ¶ 52.)  Plaintiff alleges that "[a]s a result of Defendants' policies and/or practices with respect to drive time, Plaintiff and class members are not, and have not been, compensated for all hours worked." (*Id.* ¶ 55.)  Plaintiff also alleges that "Defendants have administered a corporate policy, practice, and/or custom concerning the availability of drive time wages and the circumstances under which as employee is eligible to receive drive time wages . . . and thereby wrongfully limited the 'wages' that would be earned by Plaintiff and class members."  (*Id.* ¶ 103.)  Plaintiff further alleges that "[b]ecause of the conduct of Defendants, Plaintiff and class members were not paid the full value of all drive time 'wages' they had earned." (*Id.* ¶ 104.)  As to accurate wage statements, Plaintiff alleges that "Defendants fail to accurately record the hours worked by Plaintiff and class members in that, as a result of Defendants' policies and procedures, all drive time is not accurately captured and thus not accurately reported on wage statements."  (*Id.* ¶ 69.)  As to overtime, Plaintiff alleges that "Defendants do not fully and accurately disclose to employees which method that they use for calculating employee's regular rate of pay for purposes of paying overtime," and as a result, "Plaintiff and class members are not able to ascertain whether the regular rate of pay being used by Defendants to calculate the amount due for overtime worked complies with California law." (*Id.* ¶¶ 57-58.)  Plaintiff alleges that "as a result of Defendants' failure to properly allow and calculate pay for all drive . . ., Plaintiff and class members are not properly being paid for overtime (either in quantity of hours or rate of pay)."  (*Id.* ¶ 59.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-8454-JST (MLGx)                        Date:  March 15, 2011
Title:  Brandon Beal v. Lifetouch, Inc. et al.

Through these allegations, Plaintiff has stated with sufficient particularity plausible claims based on Defendants' failure to compensate fully drive time, overtime, and all hours worked, or to provide accurate wage statements.  Accordingly, Defendants Motion to Dismiss Plaintiff's second, third, fifth and sixth claims is denied.

      D.  <u>Missed Meal and Rest Breaks</u>

Plaintiff brings his claim for missed meal and rest breaks pursuant to California Labor Code sections 200, 226.7, 512, and title 8 section 11040 of the California Code of Regulations.  Under section 226.7, "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission," and "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."  Cal. Lab. Code § 226.7(a), (b).  Section 512(a) similarly states that:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-8454-JST (MLGx)                                              Date:  March 15, 2011

Title:  Brandon Beal v. Lifetouch, Inc. et al.

Cal. Lab. Code § 512(a).  Plaintiff points to Industrial Welfare Commission ("IWC") Order 4 (FAC ¶ 115), which reiterates the requirements in section 512(a) as to meal periods, and as to rest periods, states that "[e]very employer shall authorize and permit all employees to take rest periods" with the "authorized rest period time . . . based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  (IWC Wage Order 4-2001 §§ 11-12.)  Title 8 section 11040 of the California Code of Regulations reiterates these requirements.  Defendants argue that Plaintiff's allegations relating to meal and rest breaks "are simply vague statements and conclusions" and that there "are no facts alleged to show that any individual employee – including . . . Plaintiff – on any specific occasion actually was prevented from taking a meal or rest break by the defendants."  (Defs.' Mot. at 6.)

Plaintiff alleges, however, that "[d]espite Defendants' stated policies, Plaintiff and class members regularly were required to work through meal periods, including the second meal period in a given day" and that "Plaintiff and class members' job duties did not permit them to take regular rest breaks as mandated by law."  (FAC ¶¶ 63-64.)  In fact, Plaintiff specifically alleges that "Defendants[] pay employees for some of the missed meal breaks in an amount equal to one hour of their regular pay, included as 'other' on their paystub," but that "Defendants have not paid Plaintiff and class members for all missed meal breaks in this manner."  (*Id.* ¶¶ 66-67.)  Plaintiff further alleges that "Defendants have willfully prevented and discouraged, and continue to prevent and discourage, Plaintiff and class members from taking meal and rest breaks and fail to compensate Plaintiff and class members for missed breaks . . . ."  (*Id.* ¶ 68.)

The Court finds that these allegations are sufficient to state a plausible claim for missed meal and rest breaks under the above-cited applicable California law.  *See Twombly*, 550 U.S. at 570; *Starr*, 2011 WL 477094 at *14.  The Court therefore denies Defendants' Motion to Dismiss as to Plaintiff's fourth claim.

     E.  <u>Failure to Pay Compensation Upon Discharge</u>

Plaintiff attempts to bring a claim for Defendants' alleged failure to pay compensation upon discharge in violation of California Labor Code sections 201 to 203.

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-8454-JST (MLGx) | Date: March 15, 2011 |
| Title: Brandon Beal v. Lifetouch, Inc. et al. | |

Plaintiff alleges that "[i]n violation of Labor Code section 201, Defendants failed to pay former employee Plaintiff and Sub-Class 1 members the full amount of wages due and owing them, in amount to be proven at the time of trial." (FAC ¶ 137; *see id.* at ¶ 79.) In paragraph 14 of the First Amended Complaint, however, Plaintiff states that "he is employed by Defendants on the date this action is filed." (*Id.* ¶ 14.) If Plaintiff was an employee of Defendants at the time of the filing of his First Amended Complaint, it is inconceivable that Defendants could have failed to pay him full wages upon termination, as termination had not occurred. The Court therefore dismisses Plaintiff's seventh claim with leave to amend.

F.  **UCL Claim**

Plaintiff alleges that Defendants, based on their conduct described above, engaged in unfair and unlawful business practices in violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq*. (FAC ¶¶ 80-83, 141.) Plaintiff seeks "restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial." (*Id.* ¶ 143.)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Under the unlawful prong, the statute "borrows violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 131 Cal. Rptr. 2d 29, 37 (Cal. 2003) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999)) (internal quotation marks omitted). Based on Plaintiff's sufficiently pled drive time, overtime, all hours worked, and meal and rest break claims, Plaintiff has stated a claim under the UCL's unlawful prong. *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (Cal. 2000).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-8454-JST (MLGx) | Date: March 15, 2011 |
| Title: Brandon Beal v. Lifetouch, Inc. et al. | |

G. <u>Remedies Under California Private Attorneys General Act of 2004 ("PAGA")</u>

PAGA allows an "aggrieved employee" to bring a civil action "on behalf of himself or herself and other current or former employees" to recover civil penalties for violations of other provisions of the California Labor Code. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (Cal. 2009) ("[PAGA] is simply a procedural statute allowing an aggrieved employee to recover civil penalties – for Labor Code violations – that otherwise would be sought by state labor law enforcement agencies."); *see* Cal. Lab. Code § 2699(a). A plaintiff may bring a suit under PAGA "pursuant to the procedures specified in section 2669.3." Cal. Lab. Code § 2699(a). Section 2699.3 requires that the suit be based on (1) "a violation of any provision listed in section 2699.5" and (2) "shall commence only after . . .[t]he aggrieved employee or representative . . . give[s] written notice by certified mail to the Labor and Workforce Development Agency [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1).

Plaintiff satisfies both requirements. Plaintiff has alleged a violation of section 226.7 through his meal and rest break claims, and section 2699.5 includes section 226.7 as an applicable provision for PAGA suits. Plaintiff also alleges that he "has complied with the procedures for bringing suit specified by [section] 2699.3" as "he gave written notice by certified mail to the [LWDA] and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations." (FAC ¶ 84.) Thus, Defendants' Motion to Dismiss Plaintiff's PAGA claim is denied.

**IV. MOTION TO STRIKE**

A. <u>Legal Standard</u>

Under Rule 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-8454-JST (MLGx) | Date: March 15, 2011 |
| Title: Brandon Beal v. Lifetouch, Inc. et al. | |

money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser*, 647 F.2d 200, 201 (D.C. Cir. 1981). This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citing Schwarzer, et al., Federal Civil Procedure § 9:375). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Liley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996). "Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977). "Were [courts] to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ., [they] would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Whittlestone*, 618 F.3d at 974.

B. Discussion

Defendants seek to strike the class action allegations from the First Amended Complaint, paragraphs 85-93. (Defs.' Mot. at 7.) Defendants essentially argue that Plaintiff has failed to allege enough facts to satisfy the relevant factors under Rule 23(a) to support class certification, i.e. numerosity, commonality, and typicality. (*See id.* at 7-8.) These arguments are premature at the pleadings stage, as the issue of class certification is not yet before the Court. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005). Regardless, the Court finds that the class allegations are clearly relevant to the subject matter of the litigation, and do not amount to redundant, immaterial, impertinent, or scandalous matters. Defendants' Motion to Strike is therefore denied.

**V. CONCLUSION**

For the aforementioned reasons, the Court (1) DENIES in part and GRANTS in part Defendants' Motion to Dismiss, dismissing Plaintiff's seventh claim for failure to

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-8454-JST (MLGx) | Date:  March 15, 2011 |
| Title:  Brandon Beal v. Lifetouch, Inc. et al. | |

pay compensation upon discharge with leave to amend, and (2) DENIES Defendants' Motion to Strike.  Plaintiff shall have 20 days from the date of this Order to file an amended complaint addressing the deficiencies of his seventh claim.  Plaintiff may not add new claims without seeking consent from Defendants or leave from the Court pursuant to Rule 15.

                                                Initials of Preparer:  jcb