1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11   Brandon Beal,                    │   CASE NO. CV 10-8454-JST (MLGx)
12              Plaintiff,            │   **ORDER DENYING PLAINTIFF'S**
13                                    │   **MOTION FOR CLASS**
14          vs.                       │   **CERTIFICATION (Doc. 95)**
15   Lifetouch, Inc., et al.
16              Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is a Motion for Class Certification ("Motion") filed by Plaintiff Brandon Beal ("Plaintiff" or "Beal"). (Mot., Doc. 95.) Defendants Lifetouch, Inc. ("LTI"), Lifetouch National School Studios, Inc. ("LNSS"), and Lifetouch Church Directories and Portraits, Inc. ("LCD") (collectively, "Defendants" or "Lifetouch") filed an Opposition. (Opp'n, Doc. 101.) Plaintiff replied. (Reply, Doc. 108.) Having read and considered the papers, and taken the matter under submission, the Court DENIES Plaintiff's Motion. As a former employee, Plaintiff lacks standing to seek injunctive relief, and therefore is an inadequate representative of those current employees seeking injunctive relief. Furthermore, while Plaintiff would be an adequate representative of a class comprised only of former employees, Plaintiff fails to provide evidence that such a class meets the Rule 23 numerosity requirement.

## I.   Background

LNSS is in the school portrait business, photographing preschool, elementary school, junior high school, and senior high school students. (First Am. Compl. ("FAC") ¶ 16, Doc. 10.) Similarly, LCD is in the business of taking portraits for religious organizations and their members. (*Id.* ¶ 17.) LTI is the parent company of LCD and LNSS. (Kramer Decl. ¶ 5, Doc. 101-1.)

Plaintiff, a resident of Riverside, California, was hired by LNSS in September 2005, as a photographer.  In his position, he carried equipment, staged, posed and took photographs, and completed paperwork or order forms while on-site. (Beal Decl. ¶ 3, Doc. 95-19.)

Plaintiff filed this class action on November 5, 2010, asserting claims on behalf of himself and those similarly situated for violations of the California Labor Code ("California Labor Code claims"), including failure to indemnify, in violation of California Labor Code §§ 226 and 2802 ; failure to pay drive time wages, in violation of California Labor Code § 204 ; failure to pay overtime compensation, in violation of California Labor

1  Code § 1194, *et seq.*; missed meal and rest breaks, in violation of California Labor Code

2  §§ 200, 226.7, 512; failure to furnish an accurate, itemized wage statement, in violation of

3  California Labor Code § 226; failure to compensate for all hours worked, in violation of

4  California Labor Code §§ 200, 226, 226.7, 500, 1197, 1194, and 1198; and failure to pay

5  compensation upon termination, in violation of California Labor Code §§ 201-03.

6  (Compl., Doc. 1; FAC.)  Plaintiff also asserts a claim for violation of California Business

7  & Professions Code §§ 17200, *et seq.*, and remedies under the Private Attorney General

8  Act of 2004 ("PAGA"), California Labor Code §§ 2698, *et seq.*  (*Id.*)

9       On February 12, 2011, Plaintiff's employment with LNSS was "permanently

10  terminated," as it had been on several previous occasions due to seasonal layoffs.  (Beal

11  Decl. ¶ 2.)

12       On February 10, 2012, Plaintiff filed this Motion, seeking to certify the California

13  Labor Code claims on behalf of a class under Rule 23(b)(3) ("the Proposed Class"),

14  defined as follows:

15

16             All persons who have been, or currently are, employed by

17             Defendants in California during the Class Period who were

18             classified by Defendants as non-exempt (whether paid hourly

19             or on salary) and who held, or hold, the position of

20             photographer or any other title having job duties involving the

21             carrying of photographic equipment, the staging, posing or

22             taking of photographs, on-site completion of paperwork or

23             order forms, and/or the performance of any other on-site work

24             related to photographic activities,   Excluded from the

25             [Proposed] Class are employees who regularly work at a

26             permanent and fixed studio location.

27

28

3

1  (Mot. at 10-11.)  Plaintiff also seeks to certify a subclass comprised of "[a]ll [Proposed]

2  Class members whose employment with Defendants terminated, including those

3  terminated as a result of seasonal lay-off."  (*Id.* at 11.)

4

5  **II.    Legal Standard**

6         "To obtain class certification, a class plaintiff has the burden of showing that the

7  requirements of Rule 23(a) are met and that the class is maintainable pursuant to Rule

8  23(b)."  *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010).  "Rule

9  23(a) ensures that the named plaintiffs are appropriate representatives of the class whose

10  claims they wish to litigate."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550

11  (2011).  Under Rule 23(a), the party seeking certification must demonstrate:

12

13                   (1) the class is so numerous that joinder of all members is

14                   impracticable;

15                   (2) there are questions of law or fact common to the class;

16                   (3) the claims or defenses of the representative parties are

17                   typical of the claims or defenses of the class; and

18                   (4) the representative parties will fairly and adequately

19                   protect the interests of the class.

20

21  Fed. R. Civ. P. 23(a).  "Second, the proposed class must satisfy at least one of the three

22  requirements listed in Rule 23(b)."  *Dukes*, 131 S. Ct. at 2548.  Rule 23(b) is satisfied if:

23

24                   (1) prosecuting separate actions by or against individual class

25                   members would create a risk of:

26                        (A) inconsistent or varying adjudications with respect to

27                        individual   class   members   that   would   establish

28

4

incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b).

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  *Dukes*, 131 S. Ct. at 2551.  This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim."  *Id.*

### III.    Discussion

Plaintiff seeks to certify the Proposed Class under Rule 23(b)(3), but he seeks both monetary damages and injunctive relief to modify the employment practices complained of in the FAC.  Although Plaintiff acknowledges in his moving papers that LNSS has changed some of the offending practices, Plaintiffs argues that LCD has not changed its practices, and that some of LNSS's new policies still fail to comply with the law.  (*See* Mot. at 4, 6.)  Notably, Plaintiff has not withdrawn his request for injunctive relief.  In fact, under the facts of this case, injunctive relief is not only significant, but could very well predominate, as current employees "have a substantial claim for injunctive relief because they seek to end long-standing employment practices."  *Gardner v. Shell Oil Co.*, No. C 09-05876 CW, 2011 WL 1522377, at * 6 (N.D. Cal. Apr. 21, 2011).

In a class action, plaintiff bears the burden of showing that at least one named plaintiff has standing with respect to each form of relief sought.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011).  Here, because Beal is the only named plaintiff, he must have standing for both monetary and injunctive relief.  However, as a former employee, Plaintiff "do[es] not have standing to seek injunctive relief," and therefore, cannot adequately protect the interests of a class of current and former employees.  *Id.* at 986.

For the first time in the Reply, Plaintiff acknowledges the impact of his status as a former employee on his standing to pursue injunctive relief.[1]  (Reply at 15.)  Plaintiff attempts to distinguish himself from the former employees in *Ellis* on the basis that he

---

[1] The Court recognizes that "LNSS and LCD both discharge or 'layoff' employees at various times throughout the year (because of the seasonal nature of Defendants' business)."  (Mot. at 8-9.)  In line with this practice, Plaintiff states in his declaration that before the most recent termination of his employment, his "employment with LNSS had previously been terminated on numerous occasions during the Class Period . . . .   Upon layoff at the end of each photography season, [he] had to be re-hired and [he] was also terminated at the end of that photography season."  (Beal Decl. ¶ 2, Doc. 95-19.)  However, Plaintiff has not been employed by LNSS since February 2011, and has not represented that he intends to work for LNSS in the future.  Accordingly, Plaintiff is squarely a former employee.

1   "remains a shareholder of Vested Benefits in the Lifetouch, Inc. Employee Stock

2   Ownership Plan, 'ESOP,' currently valued at more than $23,000." (*Id.*)  Because of this

3   ownership interest, Plaintiff argues, "Plaintiff has a significant financial interest in

4   representing the interests of current LNSS and LCD employees as well as the continued

5   validity and profitability of the Lifetouch companies, which includes the necessity of their

6   complying with California wage and hour laws." (*Id.* at 16.)  However, Plaintiff likely

7   does not have standing as a shareholder to pursue injunctive relief for alleged

8   noncompliance with wage and hour laws. *See Foust v. Safeway Stores, Inc.*, 556 F.2d 946,

9   947 (9th Cir. 1977) (holding that a shareholder does not have standing to seek injunctive

10  relief under Title VII against defendant for defendants' alleged discriminatory employment

11  practices).  Even if Plaintiff did have standing as a shareholder, the injury to Plaintiff's

12  financial interests as a result of Defendants' employment practices is not the same type of

13  injury suffered by current employees. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541,

14  2551 (2011) ("Commonality requires the plaintiff to demonstrate that the class members

15  have suffered the same injury.") (citation and internal quotation marks omitted).

16         In *Ellis*, the Ninth Circuit suggested that the district court certify a Rule 23(b)(2)

17  class for equitable relief, on behalf of current employees only, and a Rule 23(b)(3) class

18  for monetary damages, on behalf of current and former employees, in order to deal with

19  the fact that former employees do not have standing for injunctive relief.  656 F.3d at 986,

20  988.  Such a solution was possible in *Ellis* because the proposed class representatives

21  included both current and former employees. *Id.* at 985-86.  Here, however, Plaintiff is the

22  only proposed class representative, so certifying a class for injunctive relief and a class for

23  monetary damages is not a possibility.  Nor can the Court certify only a class for monetary

24  damages because the claims of current employees would be impermissibly split. *See In re*

25  *Conseco Life Ins. Co. LifeTrend Ins. Sales & Mktg. Litig.*, 270 F.R.D. 521, 531 (N.D. Cal.

26  2010) ("Claim splitting is generally prohibited by the doctrine of res judicata . . . [and]

27  class certification should be denied on the basis that class representatives are inadequate

28

when they opt to pursue certain claims on a class-wide basis while jeopardizing the class members' ability to subsequently pursue other claims.") (citation and internal quotation marks omitted).  Accordingly, the only class the Court could certify for which Plaintiff would be an adequate representative is a class of former employees.  However, Plaintiff has affirmatively declined to provide the number of former employees, and therefore, such a class would not meet the numerosity requirement.  (*See* Reply at 5.)[2]

Because neither the Proposed Class nor any subclass meets the requirements of Rule 23, the Court DENIES Plaintiff's Motion.

## IV.    Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

DATED:  August 27, 2012

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts in his Reply that "Defendants also state, *for some unknown purpose*, that there is no breakdown of the number of members of the proffered subclass [of former employees], without showing why this would be required."  (Reply at 5 n.5 (emphasis added) (internal citation omitted)).  However, a subclass "must independently meet the requirements of Rule 23 for the maintenance of a class action."  *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981).  Therefore, despite Plaintiff's assertion to the contrary, the number of former employees included in the proffered subclass is relevant.