UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 10-8454-JST (MLGx)            Date: December 7, 2012
Title: Brandon Beal v. Lifetouch, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 183)**

    Before the Court is a Motion for Reconsideration ("Motion") filed by Plaintiff Brandon Beal ("Beal" or "Plaintiff"). (Mot., Doc. 183.) Defendants Lifetouch, Inc., Lifetouch National School Studios, Inc., individually and d/b/a Lifetouch Prestige Studio Portraits, and Lifetouch Church Directories and Portraits, Inc. ("Defendants") filed an opposition. (Opp'n, Doc. 187.) Plaintiff replied. (Reply, Doc. 188.) Having considered the papers and the arguments of counsel at the hearing, the Court DENIES the Motion.

## I.     Background

    Plaintiff moves pursuant to Local Rule 7-18 for reconsideration of the Court's August 27, 2012, Order Denying Plaintiff's Motion for Class Certification ("Order"). (Order, Doc. 182.) In its Order, the Court held that Plaintiff lacked standing to seek injunctive relief and was therefore an inadequate representative of current employees, who would be entitled to such injunctive relief. (*Id.* at 2.) Additionally, Plaintiff affirmatively declined to provide the number of former employees and thus could not establish numerosity as required by Federal Rule of Civil Procedure 23(a)(1). (*Id*. at 2, 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 10-8454-JST (MLGx)            Date: December 7, 2012
Title:  Brandon Beal v. Lifetouch, Inc., et al.

## II. Legal Standard

Under the Central District of California Local Rule 7-18, a motion for reconsideration:

> may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18. Further, a party's motion for reconsideration may not repeat any written or oral argument made in support of the party's original motion. *See id.*

## III. Discussion

In his moving papers, Plaintiff asserts that the Court should reconsider the Order because the Court failed to consider material facts. (Mot. at 3.) Specifically, Plaintiff contends that the Court failed to consider three material facts: (1) the limited nature of the injunctive remedy sought; (2) certification was sought under Federal Rule of Civil Procedure 23(b)(3), as opposed to Rule 23(b)(2); and (3) the subclass size. (*Id.*) Plaintiff also argues extraordinary circumstances exist that justify reconsideration because the Court based its ruling on claim-splitting, which Plaintiff argues the Court raised *sua sponte* and did not allow Plaintiff the opportunity to address. (*Id.*) The last of these grounds is not only an inaccurate statement of the basis of the Court's decision, it is not a ground upon which a motion for reconsideration may be granted. *See* C.D. Cal. R. 7-18.

The Court determined that Beal would be unable to adequately represent the proposed class because he lacked standing for the injunctive relief sought. (Order at 6.) The Ninth Circuit has very clearly stated that named plaintiffs cannot represent a class seeking relief to which they themselves are not entitled. *See Hodgers-Durgin v. de la*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 10-8454-JST (MLGx)            Date: December 7, 2012
Title: Brandon Beal v. Lifetouch, Inc., et al.

*Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question of whether the named plaintiffs are entitled to the injunctive relief they seek."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011) ("Plaintiffs must show standing with respect to each form of relief sought. Standing exists if at least one named plaintiff meets the requirements."). *See also Milligan v. Am. Airlines, Inc.*, 327 F. App'x 694, 696 (9th Cir. 2009) (finding former employee lacked standing to seek injunctive relief under California Labor Code section 226(g)). Because Beal is a former employee, a fact he does not dispute, he lacks standing to seek injunctive relief. [1]

### A. Injunctive Relief

Plaintiff does not argue that the Court erred in concluding he does not have standing to pursue injunctive relief. Rather, Plaintiff's contentions about the injunctive relief sought are twofold: (1) Plaintiff did not seek class certification for the injunctive relief available for violations of California Labor Code section 226(h), and (2) the injunctive relief "is but a limited remedy in a derivative claim, overshadowed by the eight other substantive claims for monetary relief." (Mot. at 10.)

Plaintiff argues he "only sought certification of the monetary claims in the TAC pursuant to FRCP 23(b)(3)," and therefore claim-splitting is not applicable to Plaintiff's class certification motion. (Mot. at 9-11.) First, this contention is incorrect. (*See* Third Am. Compl. ("TAC") ¶ 141, Doc. 93-1; Cert. Mot. at 1-2 & n.1, Doc 95.) In his Reply to his Motion for Class Certification, Plaintiff states: "Here, Plaintiff seeks to represent a class for monetary damages under FRCP 23(b)(3) and also makes claims for injunctive relief under Labor Code § 226(h). . . . . Therefore, [Plaintiff] can, and will, *adequately*

---

[1] Plaintiff's offer to amend his complaint for a fourth time in order to name additional plaintiffs capable of representing current employees is untimely and inappropriate in a motion for reconsideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-8454-JST (MLGx)                          Date: December 7, 2012
Title: Brandon Beal v. Lifetouch, Inc., et al.

*represent the interests of current employees, including seeking injunctive relief.*"[2] (Reply ISO Cert. Mot. at 15-16, Doc. 108 (emphasis added).) Second, the addition of the request for injunctive relief was one of the reasons the Court granted Plaintiff's motion for leave to file a Third Amended Complaint. (Doc. 92.) Indeed, Plaintiff highlighted the importance of the injunctive relief sought, for himself and for Subclass I based on the alleged practice of terminating Subclass I members' employment. (Reply ISO Mot. Strike Def.'s Answer to TAC at 4-5, Doc. 105.) More significantly, Plaintiff's *failure* to move for certification on the injunctive relief claim constitutes the impermissible claim splitting. Plaintiff argues that the only injunctive relief requested was as an additional remedy to the monetary damages sought under California Labor Code section 226 for providing inaccurate wage statements. (Mot. at 10; TAC ¶¶ 82-85.) However, in addition to the claims for monetary damages based on past conduct are claims of patterns and practice of *ongoing* illegal conduct. Plaintiff's TAC and Class Certification Motion are replete with allegations of (1) an automobile expense reimbursement policy "which *still* does not result in full reimbursement to Class members under the Labor Code," (Cert. Mot. at 4 (emphasis added)); (2) a "practice of failing to pay for all hours worked," (*id*. at 15); (3) the lack of "any policy to ensure that meal and rest periods are provided to Class members," (*id*. at 16); (4) "standard policies and practices [that] result in the wage statements of Class members failing to accurately record the actual total hours worked," (*id*. at 17); and (5) "a practice of not paying all final wages owed upon termination of employment." (*Id*. at 18.) (*See also* TAC ¶¶ 58, 74, 81, 95, and 97 (describing *ongoing* wrongdoing regarding, *inter alia*, drive-time wages and rest breaks).)

       The desire to end these alleged "long-standing employment practices" provides plaintiffs with "a *substantial* claim for injunctive relief." *Gardner v. Shell Oil Co.*, No. C 09-05876 CW, 2011 WL 1522377, at *6 (N.D. Cal. Apr. 21, 2011) (emphasis added). As stated above, Plaintiff lacks standing to bring any claims for injunctive relief based on the substantial allegations of continued wrongdoing because he is not a current employee. The only class that the Plaintiff could represent would necessarily be limited to monetary damages.

---

[2] When the Court pointed out this language to Plaintiff's counsel at the hearing, she remarked simply that "it could have been more artfully worded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-8454-JST (MLGx)                                   Date: December 7, 2012
Title: Brandon Beal v. Lifetouch, Inc., et al.

       Having determined that Plaintiff, as a former employee, cannot adequately represent current employees because he cannot seek a significant remedy—injunctive relief—the Court's Order went on to explain the prejudicial impact on the current employees of certifying a class of current employees that could pursue only monetary damages. Namely, current employees would give up their rights to simultaneously or subsequently sue Defendants for injunctive relief.

       "California's res judicata doctrine is based upon the primary right theory" which is "simply the plaintiff's right to be free from the particular injury suffered." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002); *see also Younkin v. IBM Corp.*, 156 F. App'x 887, 888 (9th Cir. 2005) ("Application of California claim splitting law was proper in this diversity case"). The primary right is distinguishable from the legal theories on which liability is based or the remedies which may be sought. *Mycogen*, 28 Cal. 4th at 904. "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." *Id.* As plaintiffs may not seek to vindicate the same primary right in two separate suits, current employees would be precluded from bringing suit for injunctive relief if Plaintiff were allowed to represent a class that included current employees seeking only monetary relief.[3] This injunctive relief claim current employees may have is a "substantial claim" that Plaintiff cannot deemphasize in an effort to obtain class certification, notwithstanding his manifest willingness to try. This Court has an affirmative obligation to protect the absent class members. *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992). Hence, the Court cannot turn a blind-eye to the current employees of Defendants.

       Plaintiff cites to a handful of cases for the proposition that a class action is a recognized exception to the claim-splitting rule. (Mot. at 4-5.) However, Plaintiff fails to take note of the import of a case he quotes in his Motion:

---

[3] The Court's denial of class certification, however, does not create issue preclusion for unnamed putative class members bringing a future suit. *See Smith v. Bayer Corp.*, --- U.S. ----, 131 S. Ct. 2368, 2380 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-8454-JST (MLGx)                        Date: December 7, 2012
Title: Brandon Beal v. Lifetouch, Inc., et al.

> It is not uncommon for defendants to engage in a course of conduct which gives rise to a variety of claims, some amenable to class treatment, others not. *Those claims that are amenable should be prosecuted as class actions* in order to realize the savings of resources of courts and parties that Rule 23 is designed to facilitate.

*Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 265 (N.D. Cal. 1978) (emphasis added), cited in Mot. at 5. As *Sullivan* makes clear, claims that are amenable to class treatment are supposed to be brought as class actions. The injunctive-relief claims Plaintiff disavows are substantial and very likely amenable to class treatment. Plaintiff is engaged in impermissible claim-splitting because he is violating the doctrine in *Sullivan* he quotes in full.[4]

As Wright & Miller explain: "Pursuant to the same general principle that claim preclusion does not apply to matters that *could not* be advanced in a prior action, *individual* actions remain available to pursue any other questions that were expressly excluded from the class action." 18A Charles Alan Wright, et al., Federal Practice and Procedure § 4455 (2d ed.).

The first case Plaintiff cites, *Gooch v. Life Investors Insurance Co. of America*, 672 F.3d 402 (6th Cir. 2012), is unhelpful to him. In that case, the plaintiff sought to represent a class of policyholders based on an insurance company's change in interpretation of a policy provision. *Id.* at 409-10. The plaintiff sought certification of a declaratory-relief class, based on the interpretation of the policy, and certification of a subclass for monetary relief for those who were actually injured by the insurance company's change in position. The plaintiff asked that the district court certify the declaratory-relief class first, "*and*, at such time as the Court deems proper, then certify the Restitution/Monetary Relief Sub-Class." *Id.* at 427. The Sixth Circuit found

---

[4] At the hearing, Plaintiff's counsel asserted that even after a judgment is obtained in this case on damages theories, assuming *arguendo* that is the outcome, if Defendants do not change their policies, then current employees can bring a new class action and seek claims for injunctive relief. *Sullivan* also counsels against this approach because it would not result in "the savings of resources of courts and parties that Rule 23 is designed to facilitate." *Id.* Rather, "[t]hose claims that are amenable should be prosecuted" on a classwide basis *now*. *See id.*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-8454-JST (MLGx)            Date: December 7, 2012
Title: Brandon Beal v. Lifetouch, Inc., et al.

___

"nothing objectionable about" permitting certification of the 23(b)(2) claim before certifying the 23(b)(3) claims. *Id.* at 428. All the relief sought was brought in a single lawsuit; at issue in *Gooch* was the propriety of successive certifications of claims within a *single* case. The *Gooch* court was not faced with the issue of a plaintiff disclaiming valuable injunctive relief.

      Plaintiff also relies on the "oft-cited case on this issue," (Mot. at 6), *In re Universal Service Fund Telephone Billing Practices Litigation*, 219 F.R.D. 661 (D. Kan. 2004). Plaintiff's exposition of *Universal Service Fund*'s conclusion is worth quoting:

> It distinguished between factual situations where proposed named plaintiffs had disclaimed other, more substantial, claims of the class members in favor of lesser claims or remedies, thereby potentially prejudicing those absent class members and contrasted those situations from the facts of the case before it where plaintiffs continued to pursue all but one claim, and only abandoned a claim that probably was not certifiable.

(Mot. at 6.)

      As discussed at length above, the Court concluded that Plaintiff engaged in exactly the prohibited conduct he describes: Plaintiff has disclaimed "significant" claims of the class members who are current employees. Indeed, at the hearing Plaintiff's counsel acknowledged that injunctive relief is an available remedy for "some" of the other claims alleged in the TAC. Plaintiff's first, third, fourth, fifth, and sixth claims all assert violations of California Labor Code section 226. (*See* TAC.) Section 226(h), as discussed above, authorizes injunctive relief for violations of that section. Plaintiff's eighth claim—violation of California's Unfair Competition Law—also provides for injunctive relief. *See* Cal. Bus. & Prof. Code § 17203 (authorizing injunctive relief). Plaintiff has thus failed to make a "manifest showing" that the Court failed to consider material facts. C.D. Cal. R. 7-18.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 10-8454-JST (MLGx) | Date: December 7, 2012 |
| Title: Brandon Beal v. Lifetouch, Inc., et al. | |

### B. Numerosity

Plaintiff also contends that the Court failed to consider the material fact of how he defined the Subclass. (Mot. at 13.) Plaintiff's class certification motion sought to create a class of "[a]ll persons who have been, or currently are, employed by Defendants in California during the Class Period who were classified by Defendants as non-exempt . . . and who held, or hold, the position of photographer or [other applicable job characteristics]." (Cert. Mot. at 1-2.) Plaintiff alleged this class would number more than 4,000. (*Id*. at 12.) Plaintiff also sought to certify a Subclass of "[a]ll Class members whose employment with Defendants terminated, including those terminated as a result of seasonal lay-off," (*id*. at 2), a class for which a number was not provided. Plaintiff contends that every member of the Class is also a member of the Subclass because Defendants terminate Class Members seasonally, so the Subclass would necessarily exceed 4,000 members. (Mot. at 13.)

The problem, however, is that Plaintiff himself is not a member of the Class as he now attempts to describe it. The only class that Plaintiff could adequately represent is a class of employees who were terminated and will not return to work for Defendants, a class that the Court termed "former employees." (*See* Order at 6, n.1.) Plaintiff acknowledges this distinction. (*See* TAC ¶ 91.) However, Plaintiff never presented evidence of the number of former employees. Thus, having already fully considered the facts presented to the Court by Plaintiff and having received no new material facts, the Motion is denied.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration of Ruling Regarding Motion for Class Certification.

Initials of Preparer: <u>enm</u>